IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH W. FLIPPING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2805-N-BN |
| | § | |
| EMC and JP MORGAN CHASE BANK, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, Plaintiff Kenneth W. Flipping's complaint should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On August 5, 2014, Plaintiff, proceeding *pro se*, filed a one-page complaint against EMC and JPMorgan Chase Bank. *See* Dkt. No. 3. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 8.

On preliminary review of the complaint, the Court found that additional facts were necessary to determine whether Plaintiff stated a claim cognizable in federal court. On August 6, 2014, the Court issued a questionnaire to Plaintiff to obtain the additional factual information. *See* Dkt. No. 7. Plaintiff was ordered to file his

answers to the Court's questions "within twenty (20) days of the date upon which Plaintiff receives the questionnaire." *Id.* at 1. The Court warned Plaintiff that "[f]ailure to file answers to the questions may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.*

More than a month after the questionnaire was mailed to Plaintiff, Plaintiff has failed to return answers to the Court's questions.

## Legal Standards

A district court has the authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Despite the warning that his case could be dismissed for failure to comply with the Court's order, Plaintiff has failed to file answers to the Court's questions. At present, as to any claim against EMC or JPMorgan Chase Bank, Plaintiff has only alleged that he built a house in 2003; that Plaintiff lost his job in 2008 and fell behind

– presumably – on mortgage payments; that Plaintiff tried "getting a modification with EMC Mortgage at the time"; that "every 3 or 4 months EMC would be wanting the same information" through an individual at EMC with whom Plaintiff was working"; and that Plaintiff has "the paper work to prove this from 2008 until 2014 up until EMC was bought out by JPMorgan Chase Bank." Dkt. No. 3. Further information regarding the facts underlying Plaintiff's one-page complaint is necessary for this case to continue and for the Court to determine whether Plaintiff stated any claim cognizable in federal court that could entitle him to relief and should result in any defendant being served and required to answer.

The inability to proceed with this litigation is directly attributable to Plaintiff's failure to comply with the Court's order requiring Plaintiff to respond to the Magistrate Judge's Questionnaire to the Plaintiff [Dkt. No. 7]. Dismissal without prejudice is warranted under these circumstances. *See Wiggins v. Management and Training Corp.,* No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted,* 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009) (same).

### Recommendation

Unless Plaintiff files answers to the Magistrate Judge's Questionnaire to the Plaintiff [Dkt. No. 7] within 14 days of the date of this recommendation, the Court should dismiss Plaintiff's case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

If Plaintiff files answers to Magistrate Judge's Questionnaire to the Plaintiff [Dkt. No. 7] within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 9, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE